UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

LAZARE KAPLAN INTERNATIONAL INC.,

                Plaintiff,

    - against -

GIA ENTERPRISES, INC., et al.,

                Defendants.

------------------------------------------x

06 Civ. 4005 (TPG)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/08

Plaintiff Lazare Kaplan International Inc. ("LKI") and defendant Gemological Institute of America, Inc. have made motions for partial summary judgment, including a motion for summary judgment on LKI's infringement claims. Defendants Photoscribe Technologies, Inc. and David Benderly have moved for summary judgment on all counts. The court rules that defendants are entitled to summary judgment dismissing the direct infringement claim with respect to patent no. 6,476,351.

       The court recently held a Markman hearing, the purpose of which was to determine how to construe the phrase which relates to the inscribing of the gemstones. This phrase is "controlling . . . based on the marking instructions and the imaging".

At the Markman hearing, the court determined that the phrase means that the controlling is based on the marking instructions generated by the operator of the machine, and automatic feedback derived from optical images of the gemstone during the laser burn process. LKI argues that the court did not construe the claim language to require automatic optical feedback during the burn process. LKI's contention is misplaced. The court explicitly noted, among other things, that the patent language describing control based on the imaging made no mention of a role for the operator of the machine in that process, and therefore interpreted "controlling . . . based on the imaging" to mean that the optical system generates information while the gemstone is being burned by the laser, and that information is fed back into the processor that controls the movement of the laser relative to the gemstone so that adjustments can be made automatically without input from the operator.

As plaintiff's counsel admitted at the Markman hearing, under this construction, there is no infringement of the '351 patent, because the Photoscribe machines indisputably do not use automatic optical feedback during the laser burning process.

However, the ruling of the court at the Markman hearing actually permits dismissal only of the claim of direct infringement. Determining whether the '351 patent was infringed under the doctrine of equivalents requires determination of disputed issues of fact in connection with the patent prosecution record, and summary judgment

should not be granted with respect to that issue.  The remaining issues that are the subject of the parties' motions also require determination of disputed factual issues, and cannot be disposed of on the current record.


Dated: New York, New York
       February 5, 2008

                                        SO ORDERED

                                        _____
                                        Thomas P. Griesa
                                        U.S.D.J.