UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/09
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                 :

LAZARE KAPLAN INTERNATIONAL, INC., :

                            Plaintiff,   :        06 Civ. 4005 (TPG)

           – against –           :        **OPINION**

PHOTOSCRIBE TECHNOLOGIES, INC., :
et al.,                             :

                   Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       This patent infringement case, which considered machines that can make laser inscriptions on gem stones, was brought to trial on February 25, 2008. After a two-week trial, the jury returned a verdict in defendants' favor, finding no infringement on any of the asserted claims and finding claim 18 of the '351 patent invalid. On April 16, April 17, May 1, and May 2, 2008, the court conducted a bench trial and found that the patents were unenforceable due to inequitable conduct. After other claims in the case were resolved by the parties, judgment was entered on January 16, 2009.

       Plaintiff Lazare Kaplan International ("LKI") has now filed two motions. In the first, LKI renews its motion for judgment as a matter of law and, in the alternative, moves for a new trial. In the second, LKI moves for a new jury trial on certain issues and a new bench trial on others. Defendants oppose the motions. The motions are denied.

## Motion for Judgment as a Matter of Law

A court may grant judgment as a matter of law only upon finding that a reasonable jury would not have had a legally sufficient evidentiary basis to find for a party on a given issue. Fed. R. Civ. P. 50(a)(1). LKI challenges a variety of findings by the jury, all of which have a legally sufficient evidentiary basis.

First, the jury reasonably found that LKI failed to show that defendants' machines infringed the limitation in claims 62 and 70 of the '938 patent requiring "positional repeatability," since LKI failed to produce measurements showing that the inscriptions made on a first and second pass were, as required by the claim, within 1.1 micron of each other. Testimony that two inscriptions merely appeared to overlap on visual inspection did not compel the jury to conclude, without more specific evidence, that these claims were infringed.

Second, the jury reasonably found that LKI failed to show that the Photoscribe machines infringed the limitation in claims 1 and 24 of the '938 patent requiring "positional accuracy of placement of each of the graphitized spots." Before trial, the parties agreed that this would be construed to mean that "the center of each spot is within ±1.1 microns of the desired position." LKI now argues that this refers to the positions of "the spots relative to each other," rather than relative to the position selected by the machine's operator. This construction is not supported by either the language of the claim or the prosecution history. LKI failed

- 2 -

to produce evidence indicating that defendant's machines displayed the accuracy required by these claims.

Third, the jury reasonably found claim 18 of the '351 patent invalid. Defendant introduced sufficient corroborating evidence regarding the Gresser machine for the jury to find the '351 patent to have been anticipated by the Gresser machine. The jury could also have reasonably found that the requirements of an imaging system and rigid frame either were obvious or were anticipated by the Gresser machine. Finally, the jury reasonably found that the Photoscribe machines did not have the rigid frame required by the claim.

Fourth, the jury reasonably found that defendants' machines did not infringe claims 15, 16, or 26 of the '351 patent. Contrary to LKI's contentions, defendants' machines do not record an image of the inscription or store information from such an image.

Fifth, the jury reasonably found that defendants' machines do not infringe claims 1 and 7 of the '351 patent. These claims require that the direction of the laser be controlled based on the image previously taken of the gem by the machine. LKI offered no evidence showing that Photoscribe's machines controlled the direction of the laser based on an image previously taken by the machine.

## **Motion for a New Trial**

A new trial is justified when the jury's verdict is seriously erroneous or would result in a miscarriage of justice. Atkins v. N.Y. City,

- 3 -

143 F.3d 100, 102 (2d Cir. 1998). As discussed above, however, the jury's verdict was supported by the evidence and did not result in a miscarriage of justice. Alternatively, a new trial is warranted when reversible error occurred. Gordon v. N.Y. City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000). LKI makes several claims of error.

First, LKI argues that the court improperly allowed the jury to construe the claims and gave improper claim construction instructions. Contrary to this contention, the court instructed the jury consistent with the court's rulings at the Markman hearing. To the extent that the ordinary meaning of a term was not disputed, the jury was entitled to rely on that meaning in reading the claims. With respect to the construction of the term "positional accuracy" in claims 1 and 24 of the '938 patent, that construction was stipulated to by the parties. With respect to the construction of the term "rigid frame" in claim 18 of the '351 patent, LKI requested that the court clarify this construction in the jury instructions, and the court did so.

Second, LKI contends that the court allowed a defense witness, Gerald Sekimura, to testify as an expert witness, when he should have been limited to factual matters. Sekimura, an attorney, did not offer expert testimony. Instead, he appropriately offered testimony to explain his legal opinions in order to rebut LKI's claim of willful infringement.

Third, LKI objects to the court's instructions regarding obviousness. However, LKI waived this objection by failing to object to

- 4 -

the instructions at trial.  LKI also argues that the jury should not have been allowed to consider the issue of obviousness in light of the court's earlier ruling precluding LKI from seeking third-party discovery regarding the issue of commercial success.  However, LKI's objections to the discovery ruling did not provide a basis for preventing the jury from considering the issue of obviousness.

Fourth, LKI argues that the jury should not have been allowed to consider oral testimony about prior art because it was insufficiently corroborated.  The relevant testimony, however, which concerns the Gresser machine discussed above, was sufficiently corroborated by documentary evidence.

Fifth, LKI objects to the court's summary judgment ruling and jury instructions regarding the infringement of claims 1 and 7 of the '351 patent.  The court has previously granted summary judgment against LKI on the claim of literal infringement, but allowed LKI to pursue a claim at trial based on the doctrine of equivalents.  The court declines to revisit the summary judgment and believes that there was no error in the instructions on the doctrine of equivalents.

Finally, LKI urges the court to hold a new bench trial regarding the issue of inequitable conduct, which was premised on LKI's failure to disclose prior art to the Patent Office.  This argument is based on a patent examiner's recent decision to allow a similar application even after learning of the same prior art.  However, this decision does not provide

- 5 -

convincing evidence to refute the court's prior conclusion that LKI

knowingly withheld material prior art.  Thus, there is no basis to

reconsider the inequitable conduct finding, or the court's related finding

that this is an exceptional case.

### Conclusion

LKI's motions for judgment as a matter of law and for a new trial

are denied.

SO ORDERED.

Dated:  New York, New York
        May 15, 2009

Thomas P. Griesa
U.S.D.J.