**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** April 19, 2013

# United States Court of Appeals
# for the Federal Circuit

---

## LAZARE KAPLAN INTERNATIONAL, INC.,
*Plaintiff-Appellant,*

v.

## PHOTOSCRIBE TECHNOLOGIES, INC. AND GEMOLOGICAL INSTITUTE OF AMERICA,
*Defendants-Appellees.*

---

2012-1247

---

Appeal from the United States District Court for the Southern District of New York in No. 06-CV-4005, Judge Thomas P. Griesa.

---

Decided: April 19, 2013

---

DEANNE E. MAYNARD, Morrison & Foerster, LLP, of Washington, DC, argued for plaintiff-appellant. With her on the brief were MARC A. HEARRON and NATALIE R. RAM; HAROLD J. MCELHINNY, of San Francisco, California; JAMES E. HOUGH, of New York, New York.

JOHN ALLCOCK, DLA Piper, LLP, of San Diego, California, argued for defendants-appellees. With him on the brief were NANCY O. DIX and STANLEY J. PANIKOWSKI. Of counsel was JOHN DAVID KINTON.

———————————————

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* LOURIE.

Dissenting opinion filed by *Circuit Judge* DYK.

LOURIE, *Circuit Judge*.

Lazare Kaplan International, Inc. ("Lazare Kaplan") appeals from the order of the United States District Court for the Southern District of New York granting summary judgment of invalidity of claims 1 and 7 of U.S. Patent 6,476,351 (the "'351 patent") and granting a motion under Federal Rule of Civil Procedure 60(b) filed by Photoscribe Technologies, Inc. and the Gemological Institute of America (collectively "Photoscribe") seeking to vacate the district court's prior judgment finding the same claims not invalid. *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, No. 06 Civ. 4005 (TPG), 2012 WL 505742, at *14 (S.D.N.Y. Feb. 15, 2012) ("*Lazare Kaplan IV*"). Lazare Kaplan requests that, if remanded, the case be reassigned to a different judge. For the reasons set forth below, we reverse the grant of relief under Rule 60(b), vacate the finding of invalidity with instructions to reinstate the original judgment of "not invalid," and decline the request to reassign.

## BACKGROUND

Lazare Kaplan owns the '351 patent, which claims methods and systems for using lasers to make microinscriptions on gemstones. In 2006, Lazare Kaplan brought suit for infringement of two patents, including the '351 patent, against Photoscribe in the United States District Court for the Southern District of New York. In response, Photoscribe filed counterclaims seeking declarations of invalidity.

Only claims 1 and 7 of the '351 patent are at issue in this appeal. Claim 1 recites a method of microinscribing a gemstone, with the final limitation requiring "controlling the directing of the focused laser energy based on the marking instructions and the imaging, to selectively generate a marking on the gemstone based on the instructions." '351 patent col.26 ll.62–65. Claim 7 recites a corresponding system claim with a similar final limitation. *See id.* col.27 ll.17–35. The district court construed these "controlling the directing" limitations in claims 1 and 7 as follows: "controlling is based on the marking instructions generated by the operator of the machine, and automatic feedback derived from optical images of the gemstone during the laser burn process." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, No. 06 Civ. 4005 (TPG), 2008 WL 355605, at *1 (S.D.N.Y. Feb. 5, 2008) ("*Lazare Kaplan I*"). Finding that the accused machines did not use automatic feedback derived during the laser burn process, the district court granted summary judgment of no literal infringement of claims 1 and 7. *Id.* The district court found that disputed issues of fact precluded summary judgment of infringement under the doctrine of equivalents. *Id.*

After a trial held in 2008, the jury returned a verdict that Photoscribe did not infringe claims 1 or 7 under the doctrine of equivalents. *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, No. 06 Civ. 4005 (TPG), slip op. at 3 (S.D.N.Y. Jan. 22, 2009) ("*Lazare Kaplan II*"). The district court then issued a final judgment that claims 1 and 7 were not invalid and not infringed, either literally or under the doctrine of equivalents. *Id.* at 4 ¶¶ 1, 2, 5. Lazare Kaplan filed a notice of appeal from the judgment of noninfringement. Photoscribe, however, did not file a notice of appeal from the judgment that the asserted claims were not invalid.

In that prior appeal, we broadened the district court's construction of the "controlling the directing" limitations,

finding that those limitations "include control based on either automated or manual feedback derived from optical images of a gemstone, before or during the laser burn process." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1369 (Fed. Cir. 2010) ("*Lazare Kaplan III*"). We vacated both the grant of summary judgment of no literal infringement and the jury verdict of noninfringement under the doctrine of equivalents, as both were based on the district court's erroneous construction. *Id.* at 1370. In addition, we explicitly remanded the issue of infringement to the district court because we could not "determine with any certainty that the accused machines infringe the asserted claims under this new construction." *Id.*

On remand, the district court held a case management conference, in which Lazare Kaplan argued that only infringement should be retried, not validity. *Lazare Kaplan IV*, 2012 WL 505742, at *4. Photoscribe responded that both infringement and validity were at issue because of the broadened claim construction. *Id.* The district court agreed with Photoscribe, stating, "we are going to retry it on validity, because the validity decision of the jury in the first trial was on the basis of a claim construction which the Court of Appeals has reversed." *Id.* The court stated that it "makes no sense" to do otherwise. *Id.* Photoscribe later moved for summary judgment of invalidity of claims 1 and 7, while Lazare Kaplan moved for summary judgment of infringement. *Id.* at *1. Photoscribe also moved under Rule 60(b) for relief from the district court's prior judgment, in *Lazare Kaplan II*, finding the claims not invalid. *Id.* The district court granted both of Photoscribe's motions and denied Lazare Kaplan's motion as moot. *Id.* at *14.

Lazare Kaplan timely appealed from the district court's rulings. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

## I. REOPENING VALIDITY IN THE PRIOR REMAND

When reviewing a ruling under Rule 60(b),[1] we generally defer to the law of the regional circuit in which the district court sits, here the Second Circuit, because that rule is procedural in nature and not unique to patent law. *See, e.g.*, *Louisville Bedding Co. v. Pillowtex Corp.*, 455 F.3d 1377, 1379–81 (Fed. Cir. 2006) (applying Sixth Circuit law to review a ruling on a Rule 60(b) motion); *Univ. of W. Va., Bd. of Trs. v. VanVoorhies*, 342 F.3d 1290, 1294 (Fed. Cir. 2003) (applying Fourth Circuit law); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1384 (Fed. Cir. 1999) (applying Eighth Circuit law); *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1550 (Fed. Cir. 1987) (applying Tenth Circuit law). We do not accord such deference, however, when a district court's ruling under Rule 60(b) turns on substantive issues unique to patent law. *See, e.g.*, *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002) ("[T]he issue before us— whether a lost profits damages award should be set aside because post-trial sales data may show the acceptability of a non-infringing alternative product—turns on a substantive area of patent law."); *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1083 (Fed. Cir. 1993) ("The issues before us are whether a consent judgment enjoining infringement of a patent should be set aside pursuant to certain subsections of Rule 60(b) following a judicial determination that the

---

[1]  Rule 60(b) provides, in relevant part, as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment . . . is based on an earlier judgment that has been reversed or vacated . . . ; or (6) any other reason that justifies relief."

patent was procured through inequitable conduct in the [U.S. Patent and Trademark Office].").

Here, the issue is whether, on remand, a district court may reopen a prior final judgment as to patent validity, not appealed by either party, based on a claim construction modified by this court. Because this issue requires consistent and uniform application by district courts when handling patent cases, we resolve it as an issue of the law of this court. *Fiskars*, 279 F.3d at 1381; *Broyhill*, 12 F.3d at 1083. We find persuasive, however, certain decisions of our sister circuits, particularly the Second Circuit, on issues relevant to this appeal. *Broyhill*, 12 F.3d at 1083 n.1.

We review a district court's ruling under Rule 60(b) for an abuse of discretion. *Browder v. Dir., Ill. Dept. of Corrections*, 434 U.S. 257, 263 n.7 (1978). An abuse of discretion exists "when the trial court's decision is clearly unreasonable, arbitrary or fanciful, or is based on clearly erroneous findings of fact or erroneous conclusions of law." *Fiskars*, 279 F.3d at 1382 (citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc)).

It is well-settled that a party must file a cross-appeal if, although successful in the overall outcome in the district court, the party seeks, on appeal, to lessen the rights of its adversary or to enlarge its own rights. *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) ("Absent a cross-appeal, an appellee . . . may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'") (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)); *see also Bailey v. Dart Container Corp. of Mich.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002) ("It is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the

judgment."). The Supreme Court has long recognized this cross-appeal rule as "inveterate and certain," *Morley Constr. Co v. Md. Cas. Co.*, 300 U.S. 185, 191 (1937), and the rule's application has been noted since the Court's earliest years, *McDonough v. Dannery*, 3 U.S. 188, 198 (1796). *See Greenlaw v. United States*, 554 U.S. 237, 244–45 (2008); *El Paso*, 526 U.S. at 479. Application of the rule promotes orderly functioning of the appellate courts by providing "notice of issues to be litigated and encouraging repose of those that are not." *El Paso*, 526 U.S. at 481–82.

Not long after the creation of this court, we clarified the application of the cross-appeal rule in *Radio Steel & Manufacturing Co. v. MTD Products, Inc.*, 731 F.2d 840 (Fed. Cir. 1984). In that case, the district court found the asserted claims not invalid and not infringed, with the patent owner appealing from the judgment of noninfringement, but with the alleged infringer taking no cross-appeal. *Radio Steel*, 731 F.2d at 842–43. Acknowledging lack of uniformity in the prior practice of the regional circuits on whether a cross-appeal must be filed by a similarly situated alleged infringer arguing invalidity, we set forth our current rule: "[A] party will not be permitted to argue before us an issue on which it has lost and on which it has not appealed, where the result of acceptance of its argument would be reversal or modification of the judgment rather than affirmance." *Id.* at 844.

More recently, we applied the cross-appeal rule in *Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259 (Fed. Cir. 1999). Prior to the first of two appeals in that litigation, the district court entered judgment that the asserted claims were not invalid and not infringed. *Odetics, Inc. v. Storage Tech. Corp.*, Nos. 96-1261, -1301, 1997 WL 357598, at *2 (Fed. Cir. June 25, 1997). In the first appeal, we broadened the construction of a claim term and remanded to assess infringement under the new construction. *Id.* at *5, *7. Because the alleged infringer

had failed to file a cross-appeal, we declined to address certain invalidity arguments. *Id.* at \*6 (citing *Radio Steel*, 731 F.2d at 844). Following remand, in which the district court found the invalidity arguments barred, the alleged infringer filed a cross-appeal. *Odetics*, 185 F.3d at 1263. In the second appeal, we affirmed the district court's decision not to address invalidity, finding that, by failing to file a cross-appeal from the distinct judgment of "not invalid" after the first trial, the alleged infringer was precluded from further raising the issue. *Id.* at 1275.

In both *Odetics* and *Radio Steel*, we highlighted the distinctness of the judgments of "not infringed" and "not invalid." *Odetics*, 185 F.3d at 1275; *Radio Steel*, 731 F.2d at 843. Here, the district court found that "[i]n this case, the issues of invalidity and infringement cannot be said to be distinct; they are closely interrelated." *Lazare Kaplan IV*, 2012 WL 505742, at \*9. The district court concluded that, because the issues of validity and infringement "cannot be said to be distinct, it was not necessary for defendants to appeal the validity issue in order for the court to hear the issue on remand." *Id.* Based on that reasoning, the district court granted relief under Rule 60(b).

Lazare Kaplan argues that the cross-appeal rule should have barred reopening the prior judgment on validity because Photoscribe seeks to lessen the rights of Lazare Kaplan under that prior judgment but failed to file a cross-appeal. In addition, Lazare Kaplan asserts that the cross-appeal rule has no equitable exceptions permitting the relief granted by the district court. Photoscribe responds that prior decisions of this court permitted the district court to address validity on remand. Further, Photoscribe asserts that the granted relief was proper under either Rule 60(b)(5) or 60(b)(6).

We agree with Lazare Kaplan and conclude that the district court erred by allowing Photoscribe to address

validity on remand despite its failure to file a cross-appeal from the adverse final judgment on validity in *Lazare Kaplan II*.

The cross-appeal rule is normally applied not by district courts, but by appellate courts to assess the availability of arguments before those tribunals. *See, e.g.*, *El Paso*, 526 U.S. at 479–82. To the extent that the cross-appeal rule can be applied to preclude certain arguments in a district court on remand after a failure to file a cross-appeal, however, we find the district court's application to be in error. Whether or not the concepts of invalidity and infringement are "closely interrelated" is irrelevant; the relevant issue is whether a ruling reversing the validity holding would expand Photoscribe's rights or lessen Lazare Kaplan's rights. It certainly would, as a holding of invalidity would extend beyond the determination that Photoscribe's accused machines do not infringe the asserted claims of the '351 patent. Indeed, no accused products can be found liable for infringement of an invalid claim. *See Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("[A]n invalid claim cannot give rise to liability for infringement . . . .").

Both before the district court and in this appeal, Photoscribe has sought relief under Rule 60(b)(5) and 60(b)(6), although the district court did not specify which section of Rule 60(b) provided the basis for its ruling. *Lazare Kaplan IV*, 2012 WL 505742, at \*8–9.

The Second Circuit has stated that "Rule 60 of the Federal Rules of Civil Procedure prescribes procedures by which a party may seek relief from a final judgment." *House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). Rule 60(b)(5) provides, in relevant part, that a district court "may relieve a party . . . from a final judgment, order, or proceeding" that "is based on an earlier judgment that has been reversed or vacated." Under Rule 60(b)(6), a district court may relieve a party

from a final judgment for "any other reason that justifies relief." The Second Circuit has characterized Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case," but cautioned that the "reservoir is not bottomless." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Relief under this provision has long been limited to "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *see also CTS Corp. v. Piher Int'l Corp.*, 727 F.2d 1550, 1555 (Fed. Cir. 1984) ("Unless exceptional or extraordinary circumstances are shown, a Rule 60(b)(6) motion is generally not granted.").

Under the facts presented here, we conclude that Rule 60(b) cannot provide the relief granted by the district court. As the language of the rule indicates, any relief provided by a district court is discretionary. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court *may* relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . .") (emphasis added); *see also Stevens*, 676 F.3d at 67 ("The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court."). Both the cross-appeal rule and Rule 60(b), however, share a common underlying rationale of promoting repose. *See El Paso*, 526 U.S. at 481–82 (noting that the cross-appeal rule puts "opposing parties and appellate courts on notice of the issues to be litigated and encourag[es] repose of those that are not"); *House*, 688 F.2d at 9 ("Properly applied, [Rule 60(b)] preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time.").

When the potential outcomes of applying Rule 60(b) and the cross-appeal rule conflict, failure to steadfastly apply the cross-appeal rule invites unjustified relief under Rule 60(b), thereby undermining the common repose rationale underlying both of those rules. Moreover, it would allow a movant to circumvent the cross-appeal rule

in a manner contrary to its well-established history. *See El Paso*, 526 U.S. at 480 ("[I]n more than two centuries of repeatedly endorsing the cross-appeal requirement, not a single one of our holdings has ever recognized an exception to the rule.").

Photoscribe does not argue that any factors precluded it from appealing from the adverse judgment on validity in *Lazare Kaplan II*. Instead, Photoscribe asserts that the possibility that a different claim construction could be applied to assessing validity and infringement inherently presents an "extraordinary circumstance." Appellee Br. 22. The cases cited by Photoscribe, however, do not involve Rule 60(b)(6), and only recite the familiar axiom that "claims are construed the same way for both invalidity and infringement." *Id.* at 21 (quoting *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003)). That axiom, however, does not trump the Federal Rules or the cross-appeal rule, and cannot save Photoscribe from its deliberate decision not to file a cross-appeal from an adverse judgment. *See El Paso*, 526 U.S. at 480. Moreover, reversal of a claim construction is hardly an "extraordinary circumstance."

In similar situations, in which a movant under Rule 60(b)(6) made a deliberate choice not to appeal or to pursue a particular litigation strategy, courts have found relief unwarranted. For example, in *Ackermann v. United States*, 340 U.S. 193, 194–95 (1950), the Supreme Court addressed whether the Fifth Circuit properly affirmed denial of the Ackermanns' motion under Rule 60(b)(6) seeking to vacate a district court's judgment cancelling their certificates of naturalization. After entry of judgment, a co-defendant appealed while the Ackermanns did not. *Id.* at 195. The Fifth Circuit reversed the judgment against the co-defendant, and the Ackermanns sought relief. *Id.* The Supreme Court affirmed the denial of relief, noting that Ackermann "made a considered choice not to appeal" and that he "cannot be relieved of such a

choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong." *Id.* at 198; *see also Cruickshank & Co. v. Dutchess Shipping Co.*, 805 F.2d 465, 468 (2d Cir. 1986) ("Failure to properly assess the risks and potential gains of taking an appeal is not an extraordinary circumstance that would justify relief under rule 60(b)(6)."); *House*, 688 F.2d at 10 (noting that reversing the grant of relief under Rule 60(b)(6) was "particularly appropriate" where the movant could have appealed but did not); *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 823 (2d Cir. 1967) (reversing the grant of relief under Rule 60(b)(6) where the movant chose not to appeal or present reasons for not prosecuting his prior claim); *Whiteleather v. United States*, 264 F.2d 861, 863 (6th Cir. 1959) ("Rule 60(b)(6) . . . has no application to a case such as this, where a defendant is represented by counsel, is not deprived of the opportunity of appealing from an adverse judgment, and voluntarily for reasons of his own elects not to appeal."); *see also Fiskars*, 279 F.3d at 1383 (finding Rule 60(b)(6) did not apply, in part, because the alleged infringer could have put on its best available evidence of noninfringing alternatives but "apparently chose not to do so").

Photoscribe asserts that two decisions of this court support the requested relief, aside from the application of Rule 60(b). *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1355–57 (Fed. Cir. 2009) (en banc); *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1477–79 (Fed. Cir. 1998). We disagree. Both of those decisions involve the mandate rule—a concept relating to, but distinct from, the cross-appeal rule. The mandate rule dictates that "an appellate mandate governs only that which was actually decided." *Exxon*, 137 F.3d at 1478. Photoscribe seeks to broaden this rule in arguing that, because we did not address validity in *Lazare Kaplan III*, that issue must have been eligible for review on remand. That interpretation, however, would enable

appellees to revive any issue *not* addressed in an appellate decision, thereby rendering nugatory the cross-appeal rule. Indeed, here, the reason validity was not addressed in *Lazare Kaplan III* was that Photoscribe failed to file a cross-appeal from the judgment adverse to it. For these reasons, we see no conflict between the decisions concerning the mandate rule relied on by Photoscribe and those concerning the cross-appeal rule discussed above.

In addition, Photoscribe asserts that it should be excused from failing to appeal because it could not have known the issues to raise in a cross-appeal. Photoscribe acknowledges, however, the importance of the "controlling the directing" limitations to both infringement and validity. Claim construction is crucial to any analysis of validity over prior art. Photoscribe admits that "the sole basis of [Lazare Kaplan's] challenge to the noninfringement judgment was the construction of 'controlling the directing.'" Appellee Br. 17–18. Photoscribe also admitted that those limitations were "the only disputed claim element for anticipation" by one of the alleged prior art machines. *Id.* at 18–19. In addition, the district court's construction of those limitations provided the sole basis for summary judgment of no literal infringement. *Lazare Kaplan I*, 2008 WL 355605, at *1. With such focus on those limitations, the issues relevant to Lazare Kaplan's then-upcoming appeal—and any cross-appeal potentially filed by Photoscribe—were apparent. After *Lazare Kaplan II*, Photoscribe could have filed a conditional cross-appeal arguing that the asserted claims of the '351 patent would be invalid if we broadened the construction of the "controlling the directing" limitations. The outcome of the claim construction issues would have determined whether that conditional cross-appeal was reached. *See Power Mosfet Techs., Inc. v. Siemens AG*, 378 F.3d 1396, 1414 n.3 (Fed. Cir. 2004).

We recognize the logic of the district court's decision to entertain the validity challenge on remand in light of

the broadened claim construction by this court, based on which the district court stated that it "makes no sense" not to. *Lazare Kaplan IV*, 2012 WL 505742, at \*4. After all, a new claim construction potentially raises new validity issues. Nonetheless, rules are rules, and the cross-appeal rule is firmly established in our law. The district court thus erred in relying on Rule 60(b) as a substitute for a cross-appeal. *See Stevens*, 676 F.3d at 67 ("In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."); *see also Cruickshank*, 805 F.2d at 468 ("Having failed to appeal, movants cannot achieve the same result under the guise of a rule 60(b)(5) motion."); *Rinieri*, 385 F.2d at 822 ("[Rule 60(b)(6)] is not to be used as a substitute for appeal when appeal would have been proper . . . ."); 11 Charles A. Wright et al., Federal Practice and Procedure § 2851 (3d ed. 1998).

Because the district court abused its discretion by granting relief under Rule 60(b), we reverse that ruling. We also vacate the finding of invalidity, and remand with instructions to reinstate the original judgment on validity.

## II. Pending Issues on Remand

Lazare Kaplan requests this court to enter judgment on the issue of infringement. We cannot do so. *See Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008) ("Appellate courts review district court judgments; we do not find facts."). In *Lazare Kaplan III*, we instructed the district court to assess infringement on remand because "we cannot determine with any certainty that the accused machines infringe the asserted claims under this new construction." *Lazare Kaplan III*, 628 F.3d at 1370. On remand, the district court made no findings of fact as to infringement under the revised construction and instead dismissed Lazare Kaplan's motion for summary judgment of infringement as moot. *Lazare Kaplan IV*, 2012 WL 505742, at \*14. On this

second remand, we again instruct the district court to assess infringement under the construction we set forth in *Lazare Kaplan III*.

## III. REASSIGNMENT

Lazare Kaplan asserts that, if remanded, this case should be reassigned to a different judge in the district court. We evaluate such requests under the law of the regional circuit in which the district court sits. *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003). When assessing a request for reassignment, the Second Circuit considers three factors: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 142 (2d Cir. 2007).

As to the first factor, Lazare Kaplan has only raised alleged improprieties that relate to either the enforceability or validity of the '351 patent. Appellant Br. 51–53. Those issues, however, will not be addressed on remand, and Lazare Kaplan has not shown that any statements relating to those issues indicate that the district judge will have difficulty assessing the narrow aspects of this litigation now remanded. Lazare Kaplan does not address the second factor. On the record before us, however, we do not perceive circumstances that "might reasonably cause an objective observer to question [the judge's] impartiality." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 308 (2d Cir. 2011) (alteration in original). Finally, we believe that preservation of judicial resources favors denying the reassignment request, especially given the

narrow scope of the remand—to assess infringement and, if necessary, damages. The district judge already has intimate knowledge of the accused machines and the technology at issue. On this second remand, he should apply that knowledge to address the infringement issues still undecided in this litigation.

## CONCLUSION

For the reasons set forth above, we reverse the district court's grant of relief under Rule 60(b) and vacate the finding of invalidity on summary judgment. On remand, the district court is instructed to reinstate its original judgment on validity, assess infringement, and, if necessary, determine damages. The judgment of the district court is therefore

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**

# United States Court of Appeals
# for the Federal Circuit

---

**LAZARE KAPLAN INTERNATIONAL, INC.,**
*Plaintiff-Appellant,*

**v.**

**PHOTOSCRIBE TECHNOLOGIES, INC. AND
GEMOLOGICAL INSTITUTE OF AMERICA,**
*Defendants-Appellees.*

---

2012-1247

---

Appeal from the United States District Court for the Southern District of New York in No. 06-CV-4005, Judge Thomas P. Griesa.

---

DYK, *Circuit Judge*, dissenting.

No principle of patent law is better established than that "claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Here the majority declines to enforce that basic stricture, allowing the patentee to assert infringement on a broad claim construction while permitting it to defend against invalidity using a different and far narrower claim construction. The majority reverses the district court's effort to elimi-

nate this inconsistency through Federal Rule of Civil Procedure 60(b)(5). I respectfully dissent.

I

The relevant facts are undisputed. In defending against an invalidity challenge in the district court, the patentee, Lazare Kaplan International, Inc. ("Lazare"), successfully relied on the construction of the term "controlling the directing . . . based on . . . the imaging." U.S. Patent No. 6,476,351, col.26 ll.62-63; *see Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 2012 WL 505742, at *3 (S.D.N.Y. Feb. 15, 2012). The district court had interpreted that claim language narrowly, requiring "automatic feedback derived from optical images of the gemstone during the laser burn process." *Lazare*, 2012 WL 505742, at *3. Based on that narrow claim construction, a jury found that the accused infringers, Photoscribe Technologies, Inc. and the Gemological Institute of America (collectively "Photoscribe"), had not proven the pertinent claims invalid. *Id.* Based on the same narrow claim construction, the district court, on summary judgment, found that there was no literal infringement. *Id.* Relying on the same claim construction, a jury found no infringement under the doctrine of equivalents. *Id.*

Lazare appealed to this court, urging a broader claim construction which also encompassed manual feedback. *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1367 (Fed. Cir. 2010). Photoscribe did not appeal from the invalidity determination because it agreed with the district court's narrow claim construction (which resulted in a finding of noninfringement) and supported the district court's judgment in full. We agreed with Lazare and vacated the noninfringement judgment, remanding for further proceedings on the issue of infringement under the correct claim construction. *See id.* at 1370.

II

This court's mandate in the first appeal did not reopen the issue of invalidity since invalidity had not been addressed on appeal. *See Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1275 (Fed. Cir. 1999).

However, the Supreme Court has held that an appellate mandate generally does not constrain a district court's power under Rule 60(b). *See Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18–19 (1976) (holding that a party need not obtain leave from an appellate court prior to filing a Rule 60(b) motion in the district court). Here, Photoscribe sought to reconcile the two inconsistent judgments on invalidity and infringement using Rule 60(b).[1]

---

[1]   Rule 60(b) provides:

On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons:

. . .

(5) the judgment . . . is based on an earlier judgment that has been reversed or vacated . . . .

Fed. R. Civ. P. 60(b)(5).  Moreover, Rule 60(b)(5) permits relief from a judgment when "applying it prospectively is no longer equitable."  *Id.*  That latter portion of the rule also appears to allow relief from a judgment where circumstances have changed such that continued application of the judgment would be inequitable.  *See, e.g., Theriault v. Smith*, 523 F.2d 601, 601–02 (1st Cir. 1975) (finding Rule 60(b)(5) relief appropriate because an intervening Supreme Court decision "represented a fundamental change in the legal predicates of the consent decree").

The majority's sole reason for finding Rule 60(b) relief unavailable is the well-established rule that Rule 60(b) cannot be used as a substitute for an appeal. *See, e.g.*, *Cruickshank & Co. v. Dutchess Shipping Co.*, 805 F.2d 465, 468 (2d Cir. 1986) (finding "no merit" to a Rule 60(b) motion where the movant failed to appeal and sought to use the Rule 60(b) vehicle to advance previously-litigated claims on "the same facts" that had already been before the district court). The majority appears to hold that the accused infringer cannot secure Rule 60(b) relief because it is attempting to use Rule 60(b) as a substitute for a contingent cross-appeal. But the majority identifies no case holding that a failure to file a *contingent* cross-appeal bars Rule 60(b) relief. Rather, the cases cited by the majority involved situations in which the Rule 60(b) movant had lost entirely and failed to appeal. *E.g.*, *Cruickshank*, 805 F.2d at 466–67 (movant had lost on a default judgment, failed to appeal, and sought relief under Rule 60(b) only after a co-defendant prevailed on a related appeal); *Rineri v. News Syndicate Co.*, 385 F.2d 818, 820 (2d Cir. 1967) (movant's complaint was dismissed for lack of prosecution and movant sought to reinstate the original action on the merits). Here, in contrast, Photoscribe never objected to the district court's claim construction or judgment in any respect. It was only after this court altered the district court's original judgment that the accused infringer had any objection.

This is thus not a situation governed by the traditional "cross-appeal rule"—that is, the rule that "a party must file a cross-appeal if . . . [it] seeks, *on appeal*, to lessen the rights of its adversary or to enlarge its own rights." Maj. Op. 6 (citing *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999)) (emphasis added). Here, Photoscribe sought on appeal not to modify the rights established by the district court judgment but to preserve them.

In such circumstances, there is no requirement that a party file a conditional cross-appeal. *See United States v. Bohn*, 959 F.2d 389, 393–94 (2d Cir. 1992) ("We conclude that a conditional cross-appeal is not required . . . to permit us to entertain a Government request to augment one component of a sentence on one count in response to an appellate ruling decreasing another component."); *Dalle-Tezze v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 814 F.2d 129, 133 (3d Cir. 1987) (noting that "the policy underlying [the cross-appeal] rule" does not require "that a party who is satisfied with the judgment below . . . appeal from it, even if his adversary does pursue an appeal"); *see also* 15A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3904 (3d ed. 2004) ("Cross-appeal also is not required to preserve the right to orderly disposition of issues that become relevant only because of reversal."). As the Second Circuit noted in *Bohn*:

> [r]equiring conditional cross-appeals . . . would oblige [parties] to file conditional cross-appeals reflexively, anticipating all possible appellate adjustments of the [judgment] in advance of knowing precisely the nature of the appellant's challenge. That would burden appellees (and courts) with no appreciable benefit to appellate practice.

*Bohn*, 959 F.2d at 394.

The Supreme Court's decision in *Bowen v. United States Postal Service*, 459 U.S. 212 (1983), is almost directly on point. Bowen involved an action by a former Postal Service employee against both the Service and the American Postal Workers Union, to which the employee had belonged during his employment. 459 U.S. at 214. A jury found the Service had wrongfully discharged Bowen and that the Union had breached its duty of fair representation. *Id.* at 214–215. In accordance with the jury's

special verdict, the district court apportioned $30,000 of Bowen's damages to the Union and the remaining $22,954 to the Service. *Id.* at 216–217.

On appeal, the Fourth Circuit held that because Bowen's compensation was owed to him by the Service rather than the Union, the lost earnings could not be charged to the Union. *Bowen v. United States Postal Serv.*, 642 F.2d 79, 82 (4th Cir. 1981). Despite reversing the $30,000 judgment against the Union, the Fourth Circuit refused to increase the judgment against the Postal Service on the grounds that Bowen had not cross-appealed. *Id.* at 82 n.6. The Supreme Court held that this application of the cross-appeal rule was "erroneous," because "Bowen had no reason to be unhappy with the award." *Bowen*, 459 U.S. at 217–18 n.7. Then-Justice Rehnquist wrote separately on that point, suggesting that, contrary to the majority, a conditional cross-appeal may have been required. *See id.* at 246–47 (Rehnquist, J., dissenting). There was no requirement here that Photoscribe file a conditional cross-appeal.

Rule 60(b)(5) has been applied in situations similar to this case. For example, in *Jackson v. Jackson*, the court found Rule 60(b)(5) relief applicable to a judgment based on a prior judgment that had been corrected pursuant to Rule 60(a). 276 F.2d 501, 503–04 (D.C. Cir. 1960). Similarly, in *Evans v. City of Chicago*, the Seventh Circuit held Rule 60(b)(5) applicable to a consent decree based on the outcome of a prior appeal when a subsequent appeal regarding damages overruled the first panel decision's conclusion of liability. 10 F.3d 474, 475–77 (7th Cir. 1993) (en banc). The court held that "Rule 60(b)(5) calls on the court to ascertain whether a judgment is 'based' on some earlier decision," and that, in that case, the "consent decree [was] 'based' on" the earlier panel decision on liability. *Id.* at 476–77. The situation here is not meaningfully different. The earlier judgment regarding validi-

ty was "based on [an] earlier decision"—here, the district court's decision as to claim construction. And, as in *Evans*, that earlier decision was ultimately reversed.

In my view we should recognize that Rule 60(b)(5) may be utilized to reopen the invalidity judgment for reconsideration based on the correct claim construction. I respectfully dissent.